# Exhibit A

Electronically Filed - St Louis County - August 27, 2020 - 05:14 PM

**20SL-CC04481**

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI**

DESHOUN GOODWIN, individually, and )
on behalf of all others similarly situated, )
                                 )
   **Plaintiff,**                  )
                                 )
v.                                 )    Cause No.
                                 )
                                 )
**BG PRODUCTS, INCORPORATED,** )
  Serve: Ray L. Connell           )    Div. No.
     318 West Central          )
     El Dorado, KS 67042     )
                                 )
   **Defendant.**                )

**INTRASTATE CLASS ACTION PETITION**

COMES NOW Plaintiff Deshoun Goodwin, individually, and on behalf of all others similarly situated, by and through his undersigned counsel, and asserts his cause of action under the Missouri Merchandising Practices Act (Chapter 407 R.S.Mo.) ("MMPA") and common law money had and received against Defendant BG Products, Incorporated, and in support thereof, states to the Court the following:

**BACKGROUND**

1.    Plaintiff Deshoun Goodwin is an adult individual resident of the State of Missouri.

2.    Defendant BG Products, Inc. ("BG Products") is a Kansas corporation that is not registered with the Missouri Secretary of State.

3.    This Court may exercise personal jurisdiction over BG Products because it regularly transacts business in Missouri, and the conduct at issue occurred in Missouri or was otherwise directed toward Plaintiff in Missouri, satisfying Missouri's long-arm statute, § 506.500 RSMo.

Electronically Filed - St Louis County - August 27, 2020 - 05:14 PM

4.     Defendant consciously chose to conduct business with residents of Missouri, including Plaintiff.

5.     Defendant purposefully avails itself of the privilege of conducting activities within the State of Missouri.

6.     Defendant derives a substantial amount of income from selling its products in the State of Missouri.

7.     Defendant has sufficient minimum contacts with Missouri such that asserting personal jurisdiction over Defendant comports with due process.

8.     This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution (MO. CONST. Art. V. § 14).

9.     This Court has statutory authority to grant the relief requested herein pursuant to § 478.070 R.S.Mo.

10.     Venue is proper in St. Louis County pursuant to § 508.010.4 R.S.Mo.

**FACTS**

11.     Plaintiff is the owner of a 2012 Audi A4 bearing the Vehicle Identification Number WAUBFAFL5CN013703 (the "Vehicle").

12.     On or about February 28, 2019, with Plaintiff presented the Vehicle to Molle Audi of Kansas City for, among other things, an engine performance restoration service.

13.     Plaintiff paid $50.61 for an Engine Performance Restoration Kit (BG part number 6579) manufactured by Defendant.

14.     Of that amount, the value of the actual materials provided was no greater than $30.00.

15.     The Engine Performance Restoration Kit includes EPR Engine Performance

Electronically Filed - St Louis County - August 27, 2020 - 05:14 PM

Restoration (BG part number 109) and Advanced Formula MOA engine oil supplement (BG part number 115).

16.     The Engine Performance Restoration Kit, EPR Engine Performance Restoration, and Advanced Formula MOA are each a "vehicle protection product" as that term is defined by § 385.403(7) R.S.Mo.

17.     Plaintiff also paid an additional $29.00 to Molle Audi of Kansas City for the labor associated with the engine performance restoration service.

18.     Defendant's Engine Performance Restoration Kit included Defendant's Lifetime BG Protection Plan.

19.     Given the actual value of the Engine Performance Restoration Kit, more than $20.00 of the amount Plaintiff paid was for the cost of the Defendant's Lifetime BG Protection Plan.

20.     Under Plan 2, applicable to Plaintiff's Vehicle, the Lifetime BG Protection Plan obligates Defendant to pay for repairs to the engine, among other systems.

21.     Defendant's Lifetime BG Protection Plan is a "vehicle protection product warranty" as that term is defined by § 385.403(8) R.S.Mo.

22.     On or about July 15, 2019, with 81,137 miles on the odometer, Plaintiff presented the Vehicle to Audi Shawnee Mission because of an illuminated malfunction indicator lamp.

23.     Audi Shawnee Mission diagnosed internal engine damage, requiring over $6,600 of repairs.

24.     The repairs to the engine of the Vehicle are covered under the Lifetime BG Protection Plan.

25.     Pursuant to § 385.406 R.S.Mo., to sell, or offer for sale, a vehicle protection product

Electronically Filed - St Louis County - August 27, 2020 - 05:14 PM

in Missouri, Defendant was required to comply with the provisions of the Missouri Vehicle Protection Product Act, §§ 385.400 to 385.436. R.S.Mo.

26.     Defendant has failed to comply with the provisions of the Missouri Vehicle Protection Product Act.

27.     Defendant did not register with the Missouri Department of Commerce and Insurance, in violation of § 385.409 R.S.Mo.

28.     Defendant did not obtain a warranty reimbursement insurance policy issued by an insurer authorized to do business within Missouri that provides that the insurer will pay to, or on behalf of, Defendant one hundred percent of all sums that Defendant is legally obligated to pay according to Defendant's contractual obligations under the Lifetime BG Protection Plan, in violation of § 385.409(1) R.S.Mo.

29.     Defendant did not maintain a net worth or stockholder's equity of fifty million dollars, in violation of § 385.409(2) R.S.Mo.

30.     The Lifetime BG Protection Plan does not state that the obligations of the warrantor to the warranty holder are guaranteed under a warranty reimbursement insurance policy or that the obligations of Defendant are backed by the full faith and credit of Defendant, in violation of § 385.418(1) R.S.Mo.

31.     The Lifetime BG Protection Plan does not state that Plaintiff is entitled to make a direct claim against the warranty reimbursement insurer upon the failure of Defendant to pay any claim or meet any obligation under the terms of the Lifetime BG Protection Plan within sixty days after proof of loss has been filed, in violation of § 385.418(2) R.S.Mo.

32.     The Lifetime BG Protection Plan does not state the name of the insurer of the warranty reimbursement insurance policy, in violation of § 385.418(3) R.S.Mo.

Electronically Filed - St Louis County - August 27, 2020 - 05:14 PM

33.     Defendant made false and misleading statements, in connection with the Engine Performance Restoration Kit, EPR Engine Performance Restoration, and Advanced Formula MOA, in violation of § 385.424 R.S.Mo.

34.     Upon information and belief, Defendant does not keep accurate accounts, books, and records concerning transactions regulated under the Missouri Vehicle Protection Product Act, in violation of § 385.427.1 R.S.Mo.

35.     Plaintiff and the putative class members defined herein paid more for the consumer protection product than they would have had to absent Defendant's unlicensed involvement.

### *This Action Is Properly Maintainable as a Class Action*

36.     Upon information and belief, Defendant continues to sell or offer for sale its vehicle protection products without having a license to do so and without ensuring adequate performance under its warranty.

37.     This action is properly maintainable as a class action pursuant to Missouri Supreme Court Rule 52.08 and § 407.025 RSMo.

38.     The class consist of the following persons: (1) All Missouri residents (2) that purchased a consumer protection product manufactured by Defendant, (2) during the five-year period prior to the filing of Plaintiff's Petition.

39.     The class is so numerous and so geographically diverse that joinder is impracticable.

40.     Upon information and belief, the class consists of over 100 people.

41.     There are questions of law and fact common to the class, including, but not limited to: (1) whether a consumer purchased a "consumer protection product" as that term is defined by § 385.403(7) R.S.Mo.; (2) whether Defendant possessed a license with the Director of the Missouri

Electronically Filed - St Louis County - August 27, 2020 - 05:14 PM

Department of Commerce and Insurance at the time of the sale; and (3) whether Defendant violated the MMPA and/or the common law by offering a product for sale in Missouri without a license.

42.     Plaintiff is a member of the class he seeks to represent.

43.     Members of the classes are so numerous that joinder is impracticable.   On information and belief, Defendant is a high-volume business that sells hundreds if not thousands of consumer protection products each year in Missouri

44.     There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

45.     Plaintiff's claims are typical of the class he seeks to represent: Defendant sold a vehicle protection product, with a warranty, to Plaintiff although Defendant was not licensed in the State of Missouri as required by law. Plaintiff's claims and the putative class member's claims are based on the same legal theories and arise from the same unlawful conduct, thereby resulting in the same injury to Plaintiff and the putative class members.

46.     Plaintiff will fairly and adequately represent the putative class members. Plaintiff has retained counsel experienced in the prosecution of class actions. Plaintiff is committed to vigorously prosecuting the claims presented in this petition. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with absent class members. Rather, Plaintiff's interests and those of his are antagonistic to of Defendant's interests.

47.     A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by Defendant.

48.     The purposes of the MMPA will be best effectuated by a class action.

Electronically Filed - St Louis County - August 27, 2020 - 05:14 PM

49.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.  Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

50.     There will be no unusual difficulty in the management of this action as a class action.

51.     Plaintiff and Plaintiff's counsel have the necessary resources to adequately and vigorously litigate this class action.  Plaintiff's counsel will fairly and adequately represent and protect the interests of the class.

52.     The loss suffered by individual class members is calculable and ascertainable.

### COUNT I
### VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

53.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

54.     Plaintiff and the Class members defined herein are each a "Person," as defined by § 407.010(5) RSMo.

55.     Defendant is a "Person" as defined by § 407.010(5) RSMo.

56.     The Vehicle and the Engine Performance Restoration Kit, EPR Engine Performance Restoration, and Advanced Formula MOA are "merchandise" as defined by § 407.010(4) RSMo.

57.     Plaintiff's purchase of the Engine Performance Restoration Kit is a "Sale" or is in connection with a "Sale" as defined by § 407.010(6) and § 407.020 R.S.Mo.

58.     The purchases of the Vehicle and the Engine Performance Restoration Kit are primarily for personal, family, or household purposes.

Electronically Filed - St Louis County - August 27, 2020 - 05:14 PM

59.     In connection with the sale of the service contract to Plaintiff and the class members, Defendant committed deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, in violation of § 407.020 RSMo., and all corresponding regulations.

60.     The Missouri Vehicle Protection Product Act is a state law intended to protect the public.

61.     An unfair business practice under the MMPA includes any method, use or practice that violates a state law intended to protect the public, per 15 C.S.R. § 60-8.090.

62.     As a direct and proximate result of Defendant's violations of § 407.020 R.S.Mo., Plaintiff suffered an ascertainable loss of money and/or property, and seeks relief pursuant to § 407.025 RSMo.

63.     Pursuant to § 407.025 RSMo., Plaintiff seeks actual damages, attorney's fees and court costs.

WHEREFORE, Plaintiff Deshoun Goodwin, individually, and on behalf of those similarly situated, prays the Court enter a judgment against Defendant BG Products, Incorporated, and grant the following relief:

(a)     Enter an order certifying this action as a class action and appointing Deshoun Goodwin as the class representative;

(b)     Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC as class counsel;

(c)     Enter judgment in favor of Plaintiff and the class members for all actual damages recoverable pursuant to § 407.020 RSMo;

Electronically Filed - St Louis County - August 27, 2020 - 05:14 PM

(e)     Enter judgment awarding class counsel costs, reasonable attorney's fees pursuant to § 407.025 RSMo. and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

(f)     In the event no Class is certified, enter judgment in each Plaintiff's favor for actual damages for Defendant's violations with respect to Plaintiff, in particular, plus his attorney's fees and costs; and

(g)     Enter judgment awarding prejudgment interest, post-judgment interest, costs, and any further and additional relief as the Court deems Plaintiff and/or the Class may be entitled.

## COUNT II – MONEY HAD AND RECEIVED

64.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

65.     Defendant has received monies to which it was not entitled pursuant to the consumer protection products paid for by Plaintiff and the putative class members.

66.     Defendant appreciated the benefit of the monies it improperly obtained through the consumer protection products paid for by Plaintiff and the putative class members.

67.     Defendant unjustly received monies that it did not have the legal authority to assess or collect from Plaintiff and the putative class members.

68.     Plaintiff and the putative class members are entitled to a return of said monies.

WHEREFORE, Plaintiff Deshoun Goodwin, individually, and on behalf of those similarly situated, prays the Court enter judgment against Defendant BG Products, Incorporated, and grant the following relief:

Electronically Filed - St Louis County - August 27, 2020 - 05:14 PM

(a)     Enter an order certifying this action as a class action and appointing Deshoun Goodwin Stamps as the class representative;

(b)     Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC as class counsel;

(c)     Enter judgment in favor of Plaintiff and the class members for all actual damages;

(e)     Enter judgment awarding class counsel costs, reasonable attorney's fees and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

(f)     In the event no Class is certified, enter judgment in each Plaintiff's favor for actual damages for Defendant's violations with respect to Plaintiff, in particular,; and

(g)     Enter judgment awarding prejudgment interest, post-judgment interest, costs, and any further and additional relief as the Court deems Plaintiff and/or the Class may be entitled.

Respectfully submitted,

**BRODY & CORNWELL**

/s/ Bryan E. Brody
Bryan E. Brody, #57580
Alexander J. Cornwell, #64793
7730 Carondelet Avenue, Suite 135
Clayton, Missouri 63105
Phone: (314) 932-1068/Fax: (314) 228-0338
bbrody@ brodyandcornwell.com
acornwell@brodyandcornwell.com
*Attorneys for Plaintiff*