UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DESHOUN GOODWIN, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>BG PRODUCTS, INCORPORATED,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:20-cv-01569-PLC |

## **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant BG Products, Inc. ("BG") submits the following memorandum in support of its motion to dismiss Plaintiff's Intrastate Class Action Petition, Dkt. 5 ("Complaint").[1]

## **INTRODUCTION**

Plaintiff has filed a purported Missouri class action against BG alleging BG's sale of vehicle maintenance products violated Missouri law. Plaintiff says he purchased an Engine Performance Restoration Kit and related service in February 2019, but his vehicle required significant engine repairs in July 2019. Plaintiff contends BG failed to comply with the Missouri Vehicle Protection Act and made false or misleading statements about its service products. Though containing numerous legal conclusions, Plaintiff's Complaint fails to provide the basic factual allegations necessary to state a plausible claim for relief pursuant to Rule 12(b)(6). Accordingly, BG asks the Court to dismiss Plaintiff's action.

---

[1] This same day, BG has filed a companion motion to transfer venue to the Western District of Missouri. In accordance with Rule 12, BG has filed this Motion to Dismiss before filing its motion to transfer venue. But BG believes a logical decision path would be for this Court to address the venue transfer motion first, which would enable the transferee court to decide the Motion to Dismiss.

1

## PLAINTIFF'S ALLEGATIONS

Plaintiff Deshoun Goodwin, a Kansas City resident, alleges he purchased an Engine Performance Restoration Kit ("EPR Kit"), which includes an EPR Engine Performance Restoration and Advanced Formula MOA engine oil supplement, for $50.61 from Molle Audi of Kansas City ("Molle Audi") on or about February 28, 2019. Compl. ¶¶ 1, 12, 13, 15. The EPR Kit, manufactured by BG, was used in servicing Plaintiff's 2012 Audi A4. *Id.* ¶¶ 11, 13. Plaintiff further alleges that the EPR Kit comes with a Lifetime BG Protection Plan ("Protection Plan") that covers certain repairs related to vehicle, including the engine. *Id.* ¶¶ 18-20. Without any explanation, Plaintiff claims the value of the EPR Kit is approximately $30 and the value of the Protection Plan is approximately $20. *Id.* ¶¶ 14, 19. Plaintiff says he also paid Molle Audi $29 for the labor associated with the EPR Kit. *Id.* ¶ 17. Plaintiff says nothing about the condition of his vehicle at the time of this service, or what prompted him to present his vehicle for service at Molle Audi.

It was on or about July 15, 2019, that Plaintiff says he took his vehicle to Audi Shawnee Mission due to a "malfunction indicator lamp." *Id.* ¶ 22. He says Audi Shawnee Mission found internal engine damage requiring $6,600 in repairs. *Id.* ¶ 23. Plaintiff claims these repairs were covered by the Protection Plan; but he fails to plead whether he paid for these repairs or sought or received reimbursement for all or any of them. *Id.* ¶¶ 20, 24.

Plaintiff asserts the EPR Kit qualifies as a "vehicle protection product" under the Missouri Vehicle Protection Act ("MVPA"). *See id.* ¶ 21. He faults BG for failing to comply with the MVPA, including registration with the Missouri Department of Commerce and Insurance. *See id.* ¶¶ 25-34.

Plaintiff seeks to represent a proposed Missouri class of consumers who purchased BG products with Protection Plans in the last five years. *Id.* ¶ 38. And he asserts additional counts for

(1) violation of the Missouri Merchandising Practices Act and (2) money had and received. *Id*. ¶¶ 53-68.

All of his claims should be dismissed.

## ARGUMENT

### I. STANDARD OF REVIEW

A court should dismiss a complaint if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, and more than "labels and conclusions," *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 547 (8th Cir. 2013). Mere legal conclusions are not "facts" for Rule 8 purposes. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. Nor is it enough to allege facts "merely consistent with" liability or showing only that entitlement to relief is *possible*. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Unless the complaint pleads sufficient facts to cross the line "from conceivable to plausible," it must be dismissed. *Twombly*, 550 U.S. at 570. Further, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).[2]

### II. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE MVPA.

#### A. Overview of Argument.

The Missouri Vehicle Protection Act, Mo. Rev. Stat. §§ 385.400-385.436, was enacted in

---

[2] Rule 12(b)(3) requires a party to assert in its responsive pleading any argument it has as to improper venue. BG disputes venue in the Eastern District of Missouri because no party resides there, no witnesses reside there, and none of the pleaded facts occurred there. Accordingly, BG is filing today a companion motion to transfer venue to the Western District of Missouri, as Kansas City is where the disputed events took place and where Plaintiff resides.

3

2009 and requires registration with the state and other compliance activities for sellers of vehicle protection products, which are defined to be *theft deterrent devices*. The statute gives the director of the Missouri Department of Commerce and Insurance authority to draft regulations and enforce the statutory requirements. As discussed below, Plaintiff pleads no claim under the MVPA.

  **B.**  **The MVPA Does Not Apply to BG's Products.**

The majority of Plaintiff's allegations focus on the MVPA, Mo. Rev. Stat. §§ 385.400-385.436. Aside from conclusory allegations regarding various provisions of the law, Plaintiff fails to plead facts to show how the statute applies to the EPR Kit, or any other BG product.

First, Plaintiff fails to allege the EPR Kit qualifies as a "vehicle protection product." While Plaintiff cites to the definition (Compl. ¶ 16), he does not articulate it, or provide any facts that even remotely suggest the EPR Kit qualifies as a "vehicle protection product."

Pursuant to Mo. Rev. Stat. § 385.403(7), a vehicle production product is:

> a vehicle protection device, system, or service that:
>
> (a) Is installed on or applied to a vehicle;
>
> (b) Is designed to prevent loss or damage to a vehicle *from a specific cause*; and
>
> (c) Includes a written vehicle protection product warranty.
>
> For purposes of sections 385.400 to 385.436, the term "vehicle protection product" shall include, without limitation, alarm systems, body part marking products, steering locks, window etch products, pedal and ignition locks, fuel and ignition kill switches, and electronic, radio, and satellite tracking devices[.]

*Id.* (emphasis added).

For this statute, then, "vehicle protection" is all about theft deterrence. The BG products that Plaintiff implicates here have **nothing** to do with theft deterrence, and Plaintiff makes no claim they do. They all relate to something else—the maintaining of proper engine performance. The

4

principle of *ejusdem generis* applies to this language; and it compels the rejection of Plaintiff's MVPA claims. "The rule of *ejusdem generis* holds that a general term, followed, or preceded by, an enumeration of specific terms, is limited by the nature of the specific terms and is not to be given its broadest inclusive meaning." *McIntyre v. Kilbourn*, 885 S.W.2d 54, 55 (Mo. Ct. App. 1994); *see also Pollard v. Bd. of Police Comm'rs*, 665 S.W.2d 333, 341 (Mo. 1984) (en banc) (construing a statute using the *ejusdem generis* principle).

As applied here, the specific theft-deterrent products enumerated limit the definition of vehicle protection products. The EPR Kit is of course not similar to any of the products specifically identified in the definition: it is not a theft-deferent device and it is not designed to assist with tracking a stolen vehicle or its parts.

In addition, Plaintiff fails to allege ***any*** details about any representations made about the EPR Kit, its intended purpose, the terms of the Protection Plan, or the sale itself. While there are numerous conclusory allegations that BG failed to disclose certain information allegedly required by the MVPA, he likewise fails to plead facts about what was withheld. *See* Compl. ¶¶ 30-33. Accordingly, Plaintiff has pleaded no factual basis for his assertion that BG failed to comply with the statute.

### C. Even if the MVPA Applied, Plaintiff Lacks Standing to Pursue a Claim Under the Statute.

Even if one were to assume the MVPA applied to the EPR Kit, Plaintiff does not have standing to pursue a claim under the MVPA. There is nothing in the MVPA that allows enforcement through a private right of action, or confers standing upon individuals to assert claims for violations of the statute. Enforcement authority is assigned expressly; and it is assigned to the director of the Missouri Department of Commerce and Insurance. Mo. Rev Stat. §§ 385.403(3); 385.430. Therefore, even if the statute applied to BG, Plaintiff would lack standing to assert a

claim to enforce the statute. *See Johnson v. Kraft Gen. Foods, Inc.*, 885 S.W.2d 334, 336 (Mo. 1994) (en banc) ("'[w]hen the legislature has established other means of enforcement, we will not recognize a private civil action unless such appears by clear implication to have been the legislative intent.'" (quotation omitted)).

### III.     Plaintiff Fails to State a Claim Under the MMPA.

To state a claim under the MMPA, Plaintiff must show that (1) he purchased the merchandise; (2) for personal, family, or household use; (3) he suffered an ascertainable loss; and (4) the ascertainable loss was the result of a practice declared unlawful by the statute. *Huffman v. Credit Union of Texas*, 758 F.3d 963, 967 (8th Cir. 2014) (citing Mo. Rev. Stat. § 407.025(1)). Unlawful practices include "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise[.]" Mo. Rev. Stat. § 407.020(1).

Further, because the MMPA functions as an extension of common-law fraud, claimed violations must be pleaded with particularity under Fed. R. Civ. P. Rule 9(b). *See Tarvin v. J.G. Wentworth Co.*, No. 4:19-CV-02860-SRC, 2020 WL 3498155, at *7 (E.D. Mo. June 29, 2020) ("A claim premised on misrepresentation falls within Rule 9(b)'s requirements regardless of whether it is explicitly labeled a "fraud" claim. (citing *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 439 (8th Cir. 2013)); *Blake v. Career Educ. Corp.*, No. 4:08CV00821 ERW, 2009 WL 140742, at *2 (E.D. Mo. Jan. 20, 2009) ("The United States District Courts in Missouri have consistently applied Rule 9(b) to cases arising under the MMPA.").

As discussed below, Plaintiff fails to allege BG engaged in any deceptive or unlawful conduct, or that he suffered an ascertainable loss.

### A.  Plaintiff fails to allege BG engaged in an unlawful practice that caused his ascertainable loss.

Plaintiff appears to allege two unlawful practices as the bases for his MMPA claim: a violation of the MVPA, and false or misleading statements about the EPR Kit. Because neither is adequately pleaded, the MMPA claim should be dismissed.

First, Plaintiff alleges that BG violated the MVPA, which he contends makes selling the EPR Kit unlawful under the MMPA. As discussed above, the MVPA does not apply to any of BG's products. But even if it did, Plaintiff cannot conjure that into an MMPA violation; he fails to allege any injury resulting from a failure to comply with its provisions. "[T]he plain language of the MMPA demands a causal connection between the ascertainable loss and the unfair or deceptive merchandising practice." *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 922 (8th Cir. 2008); *see also Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018) (holding that "evidence of some factual connection between the misrepresentation and the purchase is required.").

There are simply no factual allegations that had BG complied with the MVPA, Plaintiff would not have purchased the EPR Kit or would not have needed engine repairs for his vehicle. For example, Plaintiff claims "Defendant did not maintain a net worth or stockholder's equity of fifty million dollars, in violation of § 385.409(2) R.S.Mo." Compl. ¶ 29. But Plaintiff fails to plead any connection between this allegedly inadequate net worth and the $6,600 estimate for engine repair he mentions in his Complaint.

Similarly, Plaintiff fails to plead any false or misleading statements. Plaintiff asserts BG "made false and misleading statements, in connection with" the EPR Kit. But he fails to plead what was said, who said it, when it was said, or where it was said; and he fails to plead how any such statement was false or misleading. These omissions are fatal. *See Tarvin*, 2020 WL 3498155,

7

at *7-8 (dismissing MMPA claim where the plaintiff failed to plead who made the misrepresentation or when it was made.).

   **B.**  **Plaintiff fails to allege an ascertainable loss.**

  Plaintiff's MMPA claim fails for a second reason: he has not alleged an ascertainable loss. Missouri courts apply the "benefit of the bargain" rule to determine whether there has been an ascertainable loss in MMPA cases. *Thompson v. Allergan USA, Inc.*, 993 F. Supp. 2d 1007, 1012 (E.D. Mo. 2014); *Sunset Pools of St. Louis, Inc. v. Schaefer*, 869 S.W.2d 883, 886 (Mo. Ct. App. 1994). Under this rule, a prevailing party is entitled to the difference between the value of the product as represented and the actual value of the product as received. *Polk v. KV Pharm. Co.*, 2011 WL 6257466, at *5 (E.D. Mo. Dec. 15, 2011) (citing *Sunset Pools*, 869 S.W.2d at 886).

  This Complaint pleads no facts in support of its conclusion that BG's actions caused Plaintiff to pay more for the EPR Kit that it was worth, or that he suffered any ascertainable loss related to his purchase of the EPR Kit. Plaintiff essentially claims he purchased the EPR Kit in February of 2019 and was told that July that his engine required significant repairs. Plaintiff pleads no facts to suggest there was anything wrong with the service performed with the EPR Kit. Because there are so few facts pleaded anywhere in the Complaint, Plaintiff has not plausibly alleged the engine damage occurred *after* the service at Molle Audi, or that the damage was ever repaired.

  While Plaintiff alleges "Audi Shawnee Mission diagnosed internal engine damage, requiring over $6,600 of repairs[,]" he does not say Audi Shawnee Mission *made* those repairs, or that he paid Molle or anyone else to make them. Finally, Plaintiff fails to plead what, if any, action he took to obtain payment under the Protection Plan, or whether BG ever paid him.

  Plaintiff's failure to plead even rudimentary facts about his alleged injury requires dismissal of his MMPA claim.

**IV.     PLAINTIFF FAILS TO STATE A CLAIM FOR MONEY HAD AND RECEIVED**

Plaintiff asserts a claim for money had and received. Money had and received is an implied contract claim premised on equitable principles, and it requires the plaintiff to establish "(1) the defendant received or obtained possession of the plaintiff's money; (2) the defendant thereby experienced a benefit; and (3) the defendant's acceptance and retention of the money was unjust." *Lowe v. Hill*, 430 S.W.3d 346, 349 (Mo. Ct. App. 2014) (quotation omitted). Because it is an implied contract claim, it does not apply where a plaintiff "has entered into an express contract for the very subject matter for which she seeks to recover." *Id.* at 349.

Plaintiff alleges the Protection Plan sets forth specific requirements for reimbursement for certain repairs, depending on the applicable plan. *See* Compl. ¶ 20. Because the Protection Plan underlies his lawsuit, he has no basis to imply a contract.

Even if the claim were appropriate in this litigation, Plaintiff's money-had-and-received claim rests on the same insufficient factual allegations as his MMPA claim. He fails to plead why BG's receiving money from him was unjust. He fails to plead facts about any subsequent engine repair—why it was necessary, how the Kit was involved, how much he paid for the repair, and whether it ever actually happened. His money-had-and-received claim fares no better than his MMPA claim, and it should be dismissed.

## CONCLUSION

Plaintiff's lawsuit should be dismissed for many reasons, but three stand out. His money-had-and-received cause of action appears to be a top-of-one's-head add-on; Plaintiff does not come close to pleading the facts needed to support it. At least as important, it is conceptually flawed: there is a contract here, and the contract precludes the action. The MMPA claim fails because it, too, has no factual support. The who/what/when/where facts that must be pleaded for a misrepresentation claim are entirely missing. And the MVPA claim never crosses the starting line.

That statute deals with theft deterrence. There is nothing in his contact with BG that relates to theft deterrence, and Plaintiff pleads nothing.

BG asks that its Motion be granted and that Plaintiff's action be dismissed.

Dated: November 9, 2020

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Elizabeth A. Fessler*
William Sampson (*pro hac vice* forthcoming)
Holly Pauling Smith (*pro hac vice* forthcoming)
Elizabeth A. Fessler, MO Bar # 67169
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
wsampson@shb.com
hpsmith@shb.com
efessler@shb.com

Ray L. Connell (*pro hac vice* forthcoming)
CONNELL & CONNELL
318 W. Central Ave.
El Dorado, KS 67042
Telephone: (316) 321-4300
Facsimile: (316) 321-1530
ray@connellandconnell.com

***Attorneys for Defendant BG Products, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2019, the foregoing document was served upon the following via the Court's electronic filing system and/or mail or electronic mail:

Bryan E. Brody
Alexander J. Cornwell
7730 Carondelet Avenue, Suite 135
Clayton, Missouri 63105
bbrody@ brodyandcornwell.com
acornwell@brodyandcornwell.com

*Attorneys for Plaintiff*

           By: */s/ Elizabeth A. Fessler*
              Elizabeth A. Fessler